Filed 9/30/24  Southwest Law Center v. Origel CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| SOUTHWEST LAW CENTER, APC, | C098616 |
| Plaintiff and Appellant, | (Super. Ct. No. STKCRVUD20210010458) |
| v. | |
| WILMER ORIGEL, D.C., et al., | |
| Defendants and Respondents. | |

This is an appeal from a trial court order granting defendants Wilmer Origel, D.C. and Accident Center's special motion to strike plaintiff Southwest Law Center, APC's operative complaint under Code of Civil Procedure section 425.16.[1]  "Familiarly known as the anti-SLAPP statute, [section 425.16] allows defendants to seek early dismissal of

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

unmeritorious claims arising from protected speech and petitioning activities." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1004.)

On appeal, Southwest Law Center argues: (1) the trial court erred in finding defendants' speech was protected, and (2) it demonstrated a likelihood of success on the merits. We will affirm.

## I. BACKGROUND

Southwest Law Center's third amended complaint alleged four causes of action against defendants: (1) slander, (2) libel, (3) intentional interference with prospective economic advantage, and (4) negligent interference with economic advantage. The complaint alleged defendant Origel, a chiropractor, telephoned, emailed, sent letters, and/or spoke to clients of Southwest Law Center who were or had been defendants' patients and told them that Southwest Law Center "does not pay healthcare providers' bills, pay clients and is incompetent."

Defendants filed a special motion to strike this complaint under the anti-SLAPP statute. Southwest Law Center submitted only an opposition brief in response. The court granted the motion, and Southwest Law Center filed a timely appeal therefrom. (§ 904.1, subd. (a)(13).)

## II. DISCUSSION

*A.     Legal Background and Standard of Review*

The anti-SLAPP statute provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

" 'Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16.

2

[Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success.' " (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.) Our Supreme Court has described the " 'second step as a "summary-judgment-like procedure." [Citation.] The court does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment.' " (*Ibid*.) "[A] plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.' " (*Ibid*.)

"The grant or denial of an anti-SLAPP motion is reviewed de novo." (*Monster Energy Co. v. Schechter, supra*, 7 Cal.5th at p. 788.) Nonetheless, orders and judgments are presumed to be correct, and the appellant must affirmatively show error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

B.      *Protected Activity*

Southwest Law Center argues the trial court erred in finding defendants' speech was protected. We disagree. Protected activity is defined in subdivision (e) of section 425.16. (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061.) Section 425.16, subdivision (e)(4), provides that protected activity includes "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Courts engage in a two-step analysis under this provision that considers the content and context of a statement: "First, we ask what 'public issue or [ ] issue of public interest' the speech in question implicates—a question we answer by looking to the content of the speech. (§ 425.16, subd. (e)(4).) Second, we ask what functional

3

relationship exists between the speech and the public conversation about some matter of public interest. It is at the latter stage that context proves useful." (*FilmOn.com Inc. v. DoubleVerify Inc*. (2019) 7 Cal.5th 133, 149-150.) The trial court concluded defendants met their burden to establish the speech at issue was protected under this standard. It agreed with defendants that the qualifications, competence, and professional ethics of a law firm and the licensed professionals that work for the law firm is an issue of public interest. (See *Yang v. Tenet Healthcare Inc*. (2020) 48 Cal.App.5th 939, 947 (*Yang*) ["the public issue implicated is the qualifications, competence, and professional ethics of a licensed physician"].) The court explained that defendants made statements related to Southwest Law Center's qualifications, competence, and professional ethics. Further, "[d]efendants discussed these concerns with the plaintiff's clients, not just with discrete members of the legal or medical community, thereby directly participating in and contributing to the public issue."

Southwest Law Center does not support its argument with citations to the record. Even if we overlook this defect, its arguments are unpersuasive. Southwest Law Center asserts this case is distinguishable from *Yang* because: (1) defendants' conduct "did not rise to the same level of public interest as a medical physician surgeon," and (2) its "clients are not discrete members of the legal or medical community." As to the first assertion, Southwest Law Center has not persuaded us that the qualifications, competence, and professional ethics of a law firm are not matters of public interest. (See *Abir Cohen Treyzon Salo, LLP v. Lahiji* (2019) 40 Cal.App.5th 882, 888 [online review of a law firm was protected activity].) As to the second, Southwest Law Center misunderstands *Yang*. There, the plaintiff alleged "that defendants informed her 'patients' and the 'general public' that she was generally unqualified," and the court explained the "defendants directly participated in and contributed to the public issue" because "the defamatory statements were communicated to the public, *not* just to discrete doctors or hospital staff members." (*Yang, supra*, 48 Cal.App.5th at p. 948, italics

4

added.)  Thus, the fact the statements here were communicated to patients and not "discrete members of the legal or medical community" *helps* demonstrate defendants participated in and contributed to the public discourse.  Southwest Law Center fails to demonstrate any error in the trial court's conclusion that defendants met their burden to establish the speech at issue was protected.  We thus turn to the question of whether Southwest Law Center demonstrated a probability of prevailing on a claim.

C.      *Failure to Demonstrate a Probability of Success*

Southwest Law Center argues the trial court erred in finding it failed to demonstrate a probability of success.  Again, we disagree.  The trial court correctly determined Southwest Law Center did not demonstrate a probability of prevailing on a claim because it relied solely on the allegations in its unverified complaint.  "[A] plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint . . . ; instead, its proof must be made upon competent admissible evidence.' " (*Monster Energy Co. v. Schechter, supra*, 7 Cal.5th at p. 788.)  Southwest Law Center did not submit any competent admissible evidence.

Southwest Law Center argues it requested an opportunity to conduct discovery.  This request was only made orally at the hearing on the motion.  As such, it was properly denied and forms no basis to disturb the trial court's order.  (See *Braun v. Chronicle Publishing Co*. (1997) 52 Cal.App.4th 1036, 1052 [affirming grant of anti-SLAPP motion and explaining oral request for discovery at the hearing on anti-SLAPP motion does not comply with section 425.16, subdivision (g)].)

### III.  DISPOSITION

The order granting the anti-SLAPP motion is affirmed.  Defendants Wilmer Origel, D.C. and Accident Center shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

DUARTE, J.